# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

KENNETH D. MOBLEY,     *

    Claimant,     *

v.     *     CASE NO. 3:06-CV-44 CDL

    *     Social Security Appeal

MICHAEL J. ASTRUE,
Commissioner of Social Security,     *

    Respondent.     *

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and he seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

**I.    Whether the ALJ erred in discounting the opinion of the Claimant's treating physician?**

**II.   Whether the ALJ erred in failing to include all of the Claimants' restrictions into his findings?**

**III.  Whether the ALJ erred in failing to consider the side effects of Claimant's medications?**

**IV.   Whether the ALJ erred in failing to incorporate all of Claimant's impairments into his hypothetical to the vocational expert?**

## Administrative Proceedings

Claimant filed an application for disability benefits on April 17, 2002. (R-10, p. 1). Claimant's application was denied on initially and on reconsideration. *Id.* Claimant then filed a request for a hearing, which was held on April 22, 2004. *Id.* Subsequent to the hearing, the ALJ found that the Claimant was disabled but that his medical condition had improved so that he could perform other work in the economy in a decision dated December 22, 2004. (T-42-48). Claimant then requested a review of the ALJ's findings by the Appeals Council. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.

## Statement of Facts and Evidence

Claimant alleges that he is disabled due to asceptic necrosis, sprain to his lumbar and cervical regions, lumbar radiculitis, possible small right foraminal regional disc herniation, slight facet arthropathy, hip pain, knee pain, leg pain, brain concussion, persistent headaches, anxiety and depression. (R-10, p. 3). After examining the medical records, the ALJ determined that Claimant had a brain concussion, lumbar region sprain, and cervical region sprain secondary to a car accident and status post total left hip replacement, impairments that are severe within the meaning of the Regulations but not severe enough to meet, or medically equal, one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (T-45). The ALJ then found that there had been medical improvement in Claimant's condition, which left him with the capacity to perform work at the light exertional level. (T-45).

4

## DISCUSSION

In his Brief, Claimant first argues that the ALJ failed to properly evaluate the opinions of Dr. Mahoney, a physician who has been treating him since 2002. (R-10, p. 7). It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991). *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

To give a medical opinion controlling weight the ALJ "must find that the treating sources's opinion is 'well supported' by 'medically acceptable' clinical and diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." S.S.R. 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with the other "substantial evidence" of record. *Id*.

Claimant first argues that the ALJ did not give Dr. Mahoney's opinion substantial weight and failed to provide good cause for not accepting said opinion. (R-10, p. 7). Claimant contends that although Dr. Mahoney found that Claimant could not work a complete eight-hour day, the ALJ determined that he could perform light work. Claimant

5

contends this is reversible error.

The record reveals that Dr. Mahoney, an orthopedic surgeon, treated Claimant following a car accident in 2001, and performed the hip replacement Claimant received in June 2002. In October 2002, following the hip replacement, Dr. Mahoney found that Claimant could not return to work "yet," but stated "I think he's going to end up just fine." (T-231). No other records show that Claimant saw Dr. Mahoney again until a work assessment was completed by him on April 13, 2004, a year and a half later. (T-324). In that assessment, Dr. Mahoney found that Claimant was able to lift and carry 10 pounds occasionally and less than 10 pounds frequently; stand and walk for 2 hours in a day and sit for 4 hours in a day. (T-324). In his Findings, the ALJ found that while Claimant was disabled during the period before his hip replacement and a time period thereafter while being treated by Dr. Mahoney, that the improvement in his hip allowed him to return to his previous work. (T-45). As such, the ALJ found that he was subsequently able to perform light work.

The Claimant argues that Dr. Mahoney's determinations of his ability to work established that he could not work a full eight-hour day and that the ALJ's analysis of that finding was inconsistent with the actual finding, thus warranting remand. Social Security Regulation 96-8p states that:

> Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.

Furthermore, case law in this circuit indicates that even a seven and a half hour work day, five days a week, does not qualify as working on a regular and continuing basis. *Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997). In Claimant's case, the ALJ did not discount the opinion of Dr. Mahoney that Claimant could stand and walk for 2 hours and sit for 4 hours, but rather, he found that "considering Dr. Mahoney's assessment of Claimant's abilities as of April 13, 2004, at Exhibit 12F, this would show the Claimant (sic) is not precluded from all work activity. He at least retains the ability for lesser work." (T-45). Additionally, when the ALJ asked the VE about Dr. Mahoney's opinion, the VE testified that the limitations as expressed by Dr. Mahoney would preclude Claimant from **any** work. The record reveals the following exchange:

> Judge: The limitations in terms of ability to sit or stand or walk for 2 hours and the maximum (sic) ability to sit for about 4 hours, we don't reach the 8 hours?
>
> VE: That is right. For any work.
>
> Judge: And that would be the same for like you say for any work, there wouldn't be any jobs?
>
> VE: That is right.

(T-31). Based on this exchange, along with a review of the ALJ's analysis, it appears that the ALJ's findings as to Claimant's Residual Functional Capacity and ability to make an adjustment to work that exists in significant numbers in the national economy, are inconsistent. As such, it is recommended that this case be remanded for further analysis by the ALJ.

7

Upon preliminary review of the Claimant's remaining claims, it is further recommended that while on remand, that the ALJ take into consideration the other specific claims, as alleged by Claimant, and make determinations therefrom, pursuant to the Regulations.

## CONCLUSION

In reviewing the record, it appears that the ALJ's decision is legally inadequate. Therefore, having found that the ALJ's findings and discussion insufficient to permit this court to determine whether the ALJ properly considered the Claimant's condition as a whole and whether the ALJ applied the correct legal standards, this court should remand the claim to the Commissioner for full reconsideration and articulation as to the finding of disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that this case be REMANDED to the Commissioner for further administrative action as set out above. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned within ten (10) days after being served a copy of this Recommendation.

THIS the 11th day of September, 2007.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw